UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HORACE HILL, JR.,

           Plaintiff,

  v.

ANNA JOY, et al. ,

           Defendant.

CASE NO. 3:24-cv-05198-BHS-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Horace Hill, Jr., a *pro se* pretrial detainee of the Clark County Jail seeks 42 U.S.C. § 1983 relief against Prosecuting Attorney Anna Jay, Detective Sandra Aldridge, and the Vancouver Police Department alleging in Count I of his complaint selective or discriminatory prosecution, in Count II fabricating false evidence and interfering with civil rights, and in Count III entrapment and denial of a fair trial. Dkt. 6. Plaintiff requests this Court order his release from state pre-trial custody, terminate the no-contact order the state court issued and award him $1,000,000 in money damages. Plaintiff has been granted leave to proceed *in forma pauperis* by separate order. Dkt. 5.

The Court screens complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

REPORT AND RECOMMENDATION - 1

1  who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152
2  F.3d 1193, 1194 (9th Cir. 1998).
3        The Court having considered Plaintiff's complaint recommends it be dismissed without
4  prejudice. Leave to amend should be denied because no amendment would cure the barriers to
5  relief currently, and thus amendment would be futile. *See Lucas v. Dep't of Corrections*, 66 F.3d
6  245, 248 (9th Cir. 1995) (per curiam) (the Court may deny leave to amend if "it is absolutely
7  clear that no amendment can cure the defect.").

8        **DISCUSSION**

9  **A.   The Complaint**

10       Plaintiff's allegations revolve around his arrest, detention, and the pending criminal
11 charges filed against him in Clark County Washington. In Count I, Plaintiff alleges
12 "Selective/Discriminatory prosecution Ana Joy and Sandra Aldridge violation of equal
13 protection clause. Dkt. 6 at 4. In support, Plaintiff alleges he and his wife Bianca Hill have no
14 contact orders "on each other." On June 27, 2023, Plaintiff was arrested and booked into the
15 Clark County Jail. Plaintiff alleges Ms. Hill reached out to Plaintiff using an account from
16 "Jessica Johnson" and on June 29, Plaintiff reached out to Jessica not knowing it was Ms. Hill.
17 Plaintiff alleges Defendant Joy allowed Ms. Hill to reach out to him and then charged him when
18 he reached out a person with whom he was ordered to have no contact. Plaintiff also claims
19 Detective Aldridge mismanaged the investigation of the contact between Plaintiff and Ms. Hill
20 and Ms. Hill should also have been charged with violating a no-contact order. *Id.* at 5.
21       In Count II, Plaintiff alleges "Fabricating false evidence conspiracy to interfere with civil
22 rights-Anna Joy Sandra Aldridge." *Id.* at 7. Specially, Plaintiff alleges Biance Hill was allowed
23 to commit the crime of violation of a no-contact order in the hopes that Plaintiff would respond

1  so he could be charged with violating a no contact order. Plaintiff contends the police

2  investigation falsely makes it appear that Plaintiff initiated contact and that the police performed

3  a poor investigation of the matter.

4        And in Count III, Plaintiff alleges "Due process and rights to a fair trial violations USCS

5  Constitution Amend 5 & 6 entrapment – Anna Joy, Sandra Aldridge." *Id.* at 10. Plaintiff claims

6  these defendants conspired to set him up to violate the no contact order and that he was thus

7  charged with a crime in bad faith. *Id.*

8  **B.    The Court must Abstain from Interfering with Plaintiff's On-going State Criminal Proceeding**

9

10        Plaintiff's complaint fails because Plaintiff may not challenge the propriety of on-going

11  or pending criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Plaintiff faults Defendants for his

12  prosecution and the quality of the investigation underlying his pending criminal charges and

13  detention. However, a Federal Court may not intervene in a pending criminal proceeding absent

14  extraordinary circumstances where the danger of irreparable harm is both great and immediate.

15  See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).

16        The *Younger* abstention doctrine requires a district court to dismiss a federal action if

17  state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the

18  plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v.

19  City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Each of the *Younger* criteria

20  are satisfied here. Plaintiff's state proceedings are ongoing, involve a state criminal prosecution

21  that implicates important state interests, and there is nothing to indicate Plaintiff cannot raise in

22  his criminal case the same claims he raises here[1] or that there is a danger of great and immediate

23

---

[1] The claims Plaintiff raises are claims or defenses the state criminal courts have addressed and thus his claims can be presented in the state courts. *See e.g. State v. Alonzo*, 45 Wn.App. 256, 258 (Div. I 1986) (addressing Defendants' motion they were selectively prosecuted); *State v. Arbogast*, 199 Wn.2d 356, 378 (2022) (affirming

REPORT AND RECOMMENDATION - 3

1    irreparable harm. Therefore, this action would unduly interfere with the state criminal proceeding
2    in a way *Younger* disapproves and it should be dismissed without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **April 17, 2024.** The Clerk should note the matter for **April 19, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 29th day of March, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

finding Defendant presented sufficient evidence to obtain an entrapment defense); *State v. Rafay*, 168 Wn.App. 734 , 115 (Div. I 2013) (Defense may present evidence about inadequacy of investigation but admission of such evidence requires proper foundation).

REPORT AND RECOMMENDATION - 4