UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE HILL, JR., | CASE NO. C24-5198 BHS |
| Plaintiff, | ORDER |
| v. | |
| ANNA JOY, et al., | |
| Defendant. | |

THIS MATTER is before the Court on Magistrate Judge Bryan A. Tsuchida's Report and Recommendation (R&R), Dkt. 7, recommending the Court dismiss Hill's complaint without prejudice and without leave to amend. Hill asserts 42 U.S.C. § 1983 claims against the prosecutor, a detective, and the Vancouver Police Department, based on his arrest and current pre-trial detention for violating a state court no contact order. Dkt. 6. The R&R concludes that this Court must abstain from interfering with an ongoing state criminal proceeding. Dkt. 7 at (citing *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971)).

ORDER - 1

Hill objects, Dkts. 8, 9, but he does not address the authority clearly requiring the Court to refrain from interfering with an ongoing state criminal case. He instead reiterates that he is being charged and held wrongfully.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The R&R correctly concludes that this Court cannot interfere with Hill's state law criminal proceeding. Hill's objections are **OVERRULED**. The R&R is **ADOPTED** and this case is **DISMISSED** without prejudice and without leave to amend.

1 The clerk shall close the case.

2 **IT IS SO ORDERED**.

3 Dated this 22nd day of April, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge